Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com

Proposed Attorneys for American Trash Management, Inc.
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor-in-Possession. | Case No. 25-30743<br><br>Chapter 11, Subchapter V<br><br>**DEBTOR'S EMERGENCY FIRST-DAY MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO § 363**[1]<br><br><u>Hearing:</u> *To be set.* |

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

MOTION TO USE CASH COLLATERAL                                                                                                                  1

## I. INTRODUCTORY STATEMENT

Debtor-in-possession American Trash Management, Inc. (the "Debtor") submits this motion (the "Motion"), on an emergency basis, for entry of an interim order (the "Interim Order"), in substantially the form attached hereto as **Exhibit A**, and for the entry of a final order (the "Final Order," and together with the Interim Order, the "Cash Collateral Orders") following a final hearing. In bringing this Motion and seeking the relief described herein, the Debtor relies on the *Declaration of Scott Brown in Support of the Debtor's First-Day Motions* (the "Brown Declaration").

This Motion seeks authorization for the Debtor to use cash collateral (the "Cash Collateral"), as such term is defined in § 363(a), in accordance with the Budget (as defined below), and all future budgets, pursuant to the terms of the Cash Collateral Orders. The Debtor submits this introductory statement in accordance with the Court's *Guidelines for Cash Collateral & Financing Motions & Stipulations* made effective on January 1, 2006 (the "Guidelines").

| | |
|---|---|
| Purpose for the use of the Cash Collateral | The Cash Collateral will be used only to manage the administration of the Chapter 11 case and support the continuity of the Debtor's operations. |
| Terms, including duration | The Debtor requests access to and use of the Cash Collateral until the earliest of: (1) the substantial consummation of a plan of reorganization filed in this Chapter 11 case that is confirmed pursuant to an order entered by the Court; and (2) the date the Court orders the conversion of this Chapter 11 case to a case under Chapter 7, the dismissal of this Chapter 11 case, or the appointment of a trustee or examiner with expanded powers in this Chapter 11 case.<br><br>The Debtor's use of the Cash Collateral will be limited to the items set forth in the Budget, with an allowed variance of 15% per line item. |
| Adequate protection | The Debtor proposes a post-petition replacement lien in the same amount and priority as Fremont Bank's existing rights in the Cash Collateral (as may later be determined in this case) as adequate protection for Fremont Bank's interest in the existing Cash Collateral.<br><br>In addition, the Debtor proposes to make monthly payments of $____ to Fremont Bank on an interim basis as further adequate protection. |

| | |
|---|---|
| Entities with an interest in the Cash Collateral | Fremont Bank<br>2580 Shea Center Drive<br>Livermore, CA 94551<br><br>Scheduled amount: $599,529.00<br><br>The various collateral to which the Fremont Bank lien attaches is: "all Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing." |
| Scheduled value of collateral | Inventory: $75,000<br>Chattel Paper N/A<br>Accounts: $1,995,676<br>Equipment: $35,000<br>General Intangibles: Unknown<br>**Total: $2,105,676** |

## CERTIFICATION

The undersigned counsel for the Debtor has read this introductory statement and the accompanying Motion. To the best of my knowledge, information, and belief, formed after reasonable inquiry, and except as otherwise identified herein, the terms and relief sought in the Motion are in conformity with the Guidelines. I understand and have advised the Debtor that the Court may grant appropriate relief under Bankruptcy Rule 9024 if the Court determines that a material element of the Motion was not adequately disclosed in this introductory statement.

Dated September 16, 2025

FINESTONE HAYES LLP

/s/ Jennifer C. Hayes
Jennifer C. Hayes
Proposed Attorneys for American Trash
Management, Inc., Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## II. JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the District Court's General Order No. 24 referring bankruptcy cases and proceedings, and B.L.R. 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408–1409.

## III. STATEMENT OF FACTS

### A. The Debtor's Background and Bankruptcy Filing

A detailed discussion of the Debtor's background and the events leading to its bankruptcy filing is included in the Brown Declaration, which is incorporated by reference.

### B. The Debtor's Secured Debt

The Debtor's only creditor with a general security interest on the Debtor's assets is Fremont Bank, by way of a UCC-1 lien recorded with the California Secretary of State on March 21, 2024. There are also various lenders secured by specific vehicles used in connection with the Debtor's operations, as indicated in the Schedules filed along with the Petition.

### C. The Debtor's Collateral

The various collateral to which the Fremont Bank lien attaches is: "all Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing."

### D. The Debtor's Use of Cash Collateral

The Debtor proposes a post-petition replacement lien in the same amount and priority as Fremont Bank's existing rights in the Cash Collateral (as may later be determined in this case) as adequate protection for Fremont Bank's interest in the existing Cash Collateral. In addition, the Debtor proposes to make monthly payments of $5,600.24 to Fremont Bank on an interim basis as further adequate protection.

The Debtor also proposes to restrict its use of the Cash Collateral to the budget attached as **Exhibit B** to the Brown Declaration (the "Budget"). The Budget is based on the Debtor's

historic monthly operations for 2025. The Debtor proposes that it be allowed a variance of up to 15% for each line item in the Budget.

## IV. LEGAL ARGUMENT

### A. Basis for the Relief Requested

The Debtor's use of property of the estate is governed by § 363. Section 363(c)(1) provides:

> If the business of the debtor is authorized to be operated under section . . . 1184 . . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

The Bankruptcy Code establishes a special requirement, however, regarding a debtor-in-possession's use of "cash collateral," defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." § 363(a). The debtor-in-possession is permitted to use, sell, or lease cash collateral pursuant to § 363(c)(1) only if either "(A) each entity that has an interest in such cash collateral consents," or "(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." § 363(c)(2).

Absent consent, a motion to use cash collateral requires the debtor to provide "adequate protection" of the secured interests in the cash collateral. Bankruptcy Rule 4001(b)(1)(B)(iv). *See* § 363(p)(1). "Adequate protection is provided to safeguard the creditor against depreciation in the value of its collateral during the reorganization process." *First Fed. Bank v. Weinstein (In re Weinstein)*, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998). If the value of the collateral decreases, the creditor is entitled to cash payments, replacement liens, or other indubitably equivalent value so that the value of its interest in the collateral remains constant. § 361. *See Weinstein*, 227 B.R. at 296. The adequate protection provided may take many forms, with § 361 only providing some examples. The amount of adequate protection should be equal to the amount by which the collateral depreciates. *In re Deico Elecs., Inc.*, 139 B.R. 945, 947 (B.A.P. 9th Cir. 1992). Where

there is no depreciation, there is no entitlement to adequate protection payments. *Weinstein*, 227 B.R. at 296, citing *Confederation Life Ins. Co. v. Beau Rivage, Ltd.*, 126 B.R. 632, 640 (N.D. Ga. 1991). Further, adequate protection payments cannot be used to compensate the creditor for lost interest or to provide lost opportunity costs. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365 (1988).

  B. <u>Post-Petition Replacement Lien</u>

One form of adequate protection expressly contemplated by § 361(2) is a replacement lien. Such protection is significant because § 552 otherwise cuts off any creditors' lien rights in property acquired by the estate after the commencement of the bankruptcy case, such as post-petition receivables. The Debtor proposes such post-petition replacement lien as adequate protection to Fremont Bank in the same amount and priority as Fremont Bank's existing rights in the Cash Collateral.

  C. <u>Periodic Cash Payments</u>

Section 361(1) contemplates periodic cash payments to a secured party as adequate protection to the extent the use of cash collateral "results in a decrease in the value of such entity's interest in such property." The Debtor proposes to make monthly payments of $5,600.24 to Fremont Bank on an interim basis as further adequate protection to account for the natural variation in the Debtor's bank accounts and accounts receivable, as well as the depreciation of the other collateral to which the Fremont Bank lien attaches.

  D. <u>Use of Cash Collateral Restricted to a Budget</u>

As further assurance to Fremont Bank, the Debtor shall restrict its use of the Cash Collateral to the proposed Budget (attached to the Brown Declaration), absent consent of the IRS or a further order of this Court. If approved by the Court, the Debtor will limit its use of the Cash Collateral to the line items set forth in the Budget, subject to the following permitted variances (the "Permitted Variances"). The Debtor's actual disbursements shall not exceed budgeted disbursements by more than 15% per line item, calculated on a monthly basis. The calculation of the Permitted Variances shall extend to any Final Order entered by the Court as to

the Motion. For the avoidance of doubt, the Debtor may carry forward budgeted and unused disbursements set forth in the Budget for use in the immediately succeeding month.

## V. EMERGENCY CONSIDERATION REQUESTED

The Debtor requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm." To preserve the value of its business and to comply with applicable law, the Debtor needs access to the capital available in the Cash Collateral. If the Debtor does not receive the requested relief during the first 21 days of this Chapter 11 case, then the Debtor's business operations would be severely disrupted at this critical juncture. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003. Thus, the Debtor requests that the Court consider and grant this Motion on an emergency basis.

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended or shall be construed as (1) an admission to the validity of any claim against the Debtor; (2) a waiver of the Debtor's or any party in interest's right to dispute the amount of, basis for, or validity of any claim of any creditor or interest holder; (3) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (4) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtor and any third party pursuant to § 365. The Debtor reserves all of its rights under the Bankruptcy Code.

## VII. PROPOSED NOTICE

Notice of this Motion will be provided by email, facsimile, or overnight courier to (1) Fremont Bank; (2) the Office of the United States Trustee, Region 17; (3) the Subchapter V trustee; (4) the holders of the twenty largest unsecured claims against the Debtor; and (5) those persons who have formally appeared in this bankruptcy case and requested service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no

other or further notice is required. No prior request for the relief sought in this Motion has been made by the Debtor to this or any other court.

## VIII. CONCLUSION

For the reasons stated above, the Debtor requests entry of an Interim Order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as the Court may deem just and appropriate.

Dated September 16, 2025

FINESTONE HAYES LLP

/s/ Jennifer C. Hayes
Jennifer C. Hayes
Proposed Attorneys for American Trash Management, Inc., Debtor-in-Possession

# Exhibit A

Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com

Proposed Attorneys for American Trash Management, Inc.
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor-in-Possession. | Case No. 25-30743<br><br>Chapter 11, Subchapter V<br><br>**INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO § 363[1]** |

The Court has considered the Motion filed by American Trash Management, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for interim and final authority to use cash collateral[2] (the "Motion") and the supporting First Day Declaration. The Court also finds good and sufficient notice of the Motion has been provided by Debtor under the circumstances. Upon due consideration and good cause appearing therefor, it appearing that the relief requested in the Motion is necessary to avoid

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

[2] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

INTERIM ORDER RE CASH COLLATERAL 1

immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, the Court orders as follows:

1. The Motion is granted in accordance with the terms and conditions set forth in this Interim Order. Any objections to the Motion or entry of this Interim Order that have not been withdrawn, and all reservations of rights included therein, are overruled.

2. To enable the Debtor to continue to operate its business and preserve and maximize the value of its estate, during the period from entry of this Interim Order through the entry of the Final Order, the Debtor is authorized to use Cash Collateral, provided that any such use shall be consistent with the terms of this Interim Order and the attached budget (the "Budget").

3. The Debtor shall operate its business at all times in accordance with the Budget subject to the following permitted variances (the "Permitted Variances"). The Debtor's actual disbursements shall not exceed budgeted disbursements by more than fifteen percent, calculated on a monthly basis; excluding disbursements and expenses relating to professional fees incurred in this Chapter 11 Case, which shall be paid only upon further order of this Court. The calculation of the Permitted Variances shall extend to any Final Order entered by the Court as to the Motion. For the avoidance of doubt, the Debtor may carry forward budgeted and unused disbursements set forth in the Budget for use in the immediately succeeding month.

4. In consideration for the use of the Cash Collateral, Fremont Bank shall receive as adequate protection a post-petition replacement lien on all cash collateral generated post-petition. The Debtor shall also maintain ordinary monthly payments to Fremont Bank in the approximate amount of $5,600.24, as provided in the Budget.

5. A final hearing to consider the relief requested in the Motion shall be held on [_____] at [_____] and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to , [_____] at [_____].

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**\*\* END OF ORDER \*\***

INTERIM ORDER RE CASH COLLATERAL 3

**COURT SERVICE LIST**

*ECF Participants Only*