Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Proposed Attorneys for American Trash Management, Inc.
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor-in-Possession. | Case No. 25-30743-HLB<br><br>Chapter 11, Subchapter V<br><br>**DECLARATION OF JENNIFER C. HAYES IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON FIRST DAY MOTIONS RE CASH COLLATERAL; USE OF EXISTING BANK ACCOUNTS; AND PREPETITION EMPLOYEE OLIBATIONS**[1]<br><br><u>Hearing</u>: *To be set.* |

I, Jennifer C. Hayes, declare as follows:

1. I am a partner with the law firm of Finestone Hayes LLP, proposed attorneys for Debtor-in-Possession American Trash Management, Inc. (the "Debtor")

2. The Debtor has caused to be filed three emergency first-day motions: (1) For Entry

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

HAYES DECLARATION IN SUPPORT OF EX PARTE APP FOR OST        1

of Order Authorizing Use of Cash Collateral (ECF 4, the "Cash Collateral Motion")); (2) For Entry of Order Authorizing Use of Existing Bank Accounts, Business Forms, and Cash Management Systems (ECF 5, the "Bank Account Motion"); and (3) For Entry of Order Authorizing Payment of Pre-Petition Employee Obligations (ECF 12, the "Employee Wage Motion") (collectively, the First Day Motions"). Debtor has also caused to be filed the Declaration of Scott Brown (ECF 2) in support of the First Day Motions and a Supplemental Declaration of Scott Brown in Support of the Employee Wage Motion (ECF 12-1).

2. The reason for the requested shortening of time for notice of hearing on the First Day Motions is as follows:

a. *Cash Collateral Motion*: The Debtor requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm." I am informed and believe that, to preserve the value of its business and to comply with applicable law, the Debtor needs access to the Cash Collateral for its normal business soperations. I am further informed and believe that, if the Debtor does not receive the requested relief during the first 21 days of this Chapter 11 case, then the Debtor's business operations would be severely disrupted at this critical juncture.

b. *Bank Account Motion*: The Debtor requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm." I am informed and believe that, without the requested relief, the exists a significant risk that the Debtor's ability to collect payments from its customers, pay vendors, and compensate its employees will be interrupted. I am further informed and believe that allowing the Debtor to maintain its pre-petition Accounts and Business Forms will prevent unnecessary disruptions in the Debtor's business operations at this critical juncture.

c. *Employee Wage Motion*: The Debtor requests emergency consideration of the

Employee Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm." I am informed and believe that, without the relief sought in the Employee Motion, the Debtor might suffer substantial attrition at a time when the Debtor needs its employees to perform at peak efficiency. I am further informed and believe that it would be difficult for the Debtor to replace such employees given the nature of the Debtor's operations and the condition of the Debtor.

3. There are no previous time modifications related to the subject of the current request.

4. The effect of the requested time modification is to have the First Day Motions heard as soon as possible so that the Court can assist the Debtor by considering the First Day Motions as soon as possible. Approval of the First Day Motions is needed in order for the Debtor to be able to operate the Debtor's business in a cost-effective manner with adequate oversight of the Debtor, be able to use the estate's cash collateral, and be able to pay employees on account of their unpaid prepetition wages and benefits in the manner set forth in the First Day Motions.

5. The specific responding party to the Cash Collateral Motion is Fremont Bank. On September 17, 2025 at approximately 2:18 p.m., I sent the Cash Collateral Motion and other first-day motions to Chris Chenoweth, whom I am informed and believe is in-house counsel for Fremont Bank. I let Mr. Chenoweth know that I would be shortly filing an ex parte application for order shortening time for hearing on the Cash Collateral Motion and other first day motions at the Court's first available opportunity, and asked him to tell me if he had any objection. As of the filing of this declaration, I have not yet received a response.

6. There is no specific responding party to the Bank Account and Employee Wage Motions. Accordingly, on September 17, 2025 at approximately 2:23 p.m., I emailed Trevor Fehr at the Office of the United States Trustee, to inform him that I would be filing an ex parte application for order shortening time on the First Day Motions, seeking a hearing on the First Day Motions at the Court's first availability. As of the filing of this declaration, I have not yet received

a response.

I declare under penalty of perjury that the above statements are true and with respect to those matters stated on information and belief, I believe them to be true. This declaration was executed in Contra Costa County, California on September 17, 2025.

/s/ *Jennifer C. Hayes*
Jennifer C. Hayes