PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN, MN SBN 310931
ASSISTANT UNITED STATES TRUSTEE
TREVOR R. FEHR CA SBN 316699
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
450 Golden Gate Ave., Rm. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Telecopier: (415) 705-3379
Email: Trevor.fehr@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor. | Case No. 25-30743 HLB<br><br>Chapter 11<br><br>Date:   September 23, 2025<br>Time:   1:00 a.m. (Pacific Time)<br>Place:   Zoom Webinar<br>Judge:   Honorable Hannah Blumenstiel |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION TO MAINTAIN PREPETITON BANK ACCOUNTS AND**
<u>**MOTION TO PAY PREPETITION WAGES [ECF Nos. 5 & 12]**</u>

Peter C. Anderson, United States Trustee for Region 17 (the "U.S. Trustee"), hereby files this *United States Trustee's Objection and Reservation of Rights as to Debtor's Motion for Order Authorizing Debtor to Use Existing Bank Accounts and Pay Prepetition Wages* (the "Objection") to the relief requested in the Emergency First Day Motions for an Order Authorizing Debtor to Use Existing Bank Accounts, Business Forms, and Cash Management System (the "Cash Management Motion") and for an Order Authorizing Payment of Pre-Petition Employee Obligations (the "Employee Wages Motion") filed by the debtor American Trash Management, Inc. (the "Debtor").

1

This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit during the hearing.

## I. BACKGROUND

1. On September 15, 2025 (the "Petition Date"), the Debtor commenced the above-captioned case under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

2. The U.S. Trustee has not yet conducted the Initial Debtor Interview. The meeting of creditors in this case has been scheduled for October 20, 2025. ECF No. 3.

3. On September 16, 2025, the Debtor filed the Cash Management. ECF No. 5. On September 17, 2025, the Debtor filed the Employee Wages Motion. ECF No. 12. The Debtor requested that the Motion be heard on an emergency basis, and the Bankruptcy Court set the matter on shortened time for September 23, 2025 at 1:00 p.m. ECF No. 16.

4. The Cash Management Motion seeks authority to continue to maintain and use its existing bank accounts, business forms, and cash management system post-petition. ECF No. 5, p. 2. The Debtor's bank accounts are located at Fremont Bank and BMO, both of which are on the list of authorized depositories for the deposit of bankruptcy estate funds. The Cash Management Motion states that "[t]he signature cards on the Debtor's Accounts will be changed to reflect the Debtor's status as "debtor-in-possession."" ECF No. 5, p. 4. The Debtor did not file a Proposed Order with the Cash Management Motion.

5. The Employee Wages Motion seeks to pay outstanding pre-petition obligations to its employees and grant related relief. ECF No. 12. The Employee Wages Motion does not discuss whether any insiders will be paid through the relief requested. *Id*. The Debtor did not file a Proposed Order with the Cash Management Motion.

6. Ahead of the hearing on the Debtor's First Day Motions, the Office of the U.S. Trustee has reached out to Debtor's Counsel to discuss the relief requested and the wording of any Proposed Order relating to the Motion. Debtor's Counsel sent the Office of the U.S. Trustee copies of Proposed Orders; however, no resolution was finalized ahead of the objection deadline set for September 22, 2025 at 12:00 p.m.

2

## II. THE CASH MANAGEMENT MOTION

7. Bankruptcy Code Section 345(b) protects creditors against the loss of estate funds deposited or invested by debtors. *See In re Columbia Gas Systems Inc.*, 33 F.3d 294, 301 (3d Cir. 1994) ("Ensuring the safety of the bankruptcy funds has been the foremost goal."); *In re CWNevada LLC,* 602 B.R. 717, 744 (Bankr. D. Nev. 2019) ("[t]hose requirements are designed to ensure the safety of the funds held by a trustee or debtor in possession as a fiduciary of a bankruptcy estate"). Specifically, Section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank.

8. To ensure compliance with Section 345(b), the U.S. Trustee has implemented guidelines for debtors in possession regarding bank accounts (the "UST Guidelines"). Among other things, the UST Guidelines require debtors in possession to close their pre-petition bank accounts and provide proof of the establishment of debtor in possession account(s) at an authorized depositary. *See United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession* (Region 17), at § 3, available at https://www.justice.gov/ust-regions-r17/region-17-general-information#ch11.[1]

9. Authorized depositories enter into Uniform Depository Agreements with the U.S. Trustee under which they agree to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (the "UST

---

[1] The U.S. Trustee is mindful that some courts have concluded that guidelines established by the U.S. Trustee do not have the force and effect of law. *See, e.g., In re Young*, 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997); *In re Lani Bird, Inc.*, 113 B.R. 672, 673 (Bankr. D. Hawaii 1990); *In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995); *In re Johnson*, 106 B.R. 623, 624-25 (Bankr. D. Neb. 1989). As a result, "if the court is to require debtors to comply with particular provisions of the U.S.T.'s Guidelines, it must be for a reason independent of the Guidelines themselves." *Johnson*, 106 B.R. at 624.

Manual"), §§ 7-1.1 and 7-1.2.1, at pp. 1-2, available at https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual. Authorized depositories have also agreed to make periodic reports so that the U.S. Trustee can monitor compliance. *See* UST Manual, § 7-1.3.2, at p. 5.

10. In addition to protecting creditors against the loss of estate funds deposited or invested by bankruptcy debtors, the requirement of establishing debtor in possession accounts "provides a clear line of demarcation between pre-petition and post-petition claims and payments and helps protect against the inadvertent payment of pre-petition claims by preventing banks from honoring checks drawn before the petition date." *BCL-Sheffield LLC v. Gemini Int'l, Inc. (In re Tolomeo)*, 537 B.R. 869, 880 (Bank. N.D. Ill. 2015).

11. A court may waive the requirements of Section 345 upon a showing of "cause." *See* 11 U.S.C. § 345(b). Thus, the Court may modify the requirements of Section 345(b) for "'just cause' where strict compliance might 'work to *needlessly handcuff* larger, more sophisticated debtors.'" *See In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (emphasis added).

12. In determining whether cause exists under 11 U.S.C. § 345(b), courts have examined the totality of the circumstances. *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999); *In re Ditech Holding Corp.*, 605 B.R. at 17.

13. The U.S. Trustee objects to the Cash Management Motion to the extent that it does not require the Debtor to seek redesignation of the bank accounts debtor-in-possession ("DIP") accounts, and requests that the Interim Order required the Debtor provide proof that the accounts have been redesignated as a DIP accounts by no later than the final hearing on the First Day Motions.

### III. THE EMPLOYEE WAGES MOTION

14. The U.S. Trustee takes no position on the payment of (i) pre-petition claims of the Debtor's non-insider employees that are entitled to priority under Sections 507(a)(4) and 507(a)(5), or (ii) the related payroll taxes, deductions and withholdings, provided these amounts do not exceed the statutory cap.

15. However, the U.S. Trustee opposes any payments on claims that are not entitled to priority status and to any of the Debtor's insiders. *See, e.g., In re EcoSmart, Inc.*, 2015 WL 9274245, at *9 (Bankr. C.D. Cal. Dec. 18, 2015) (requiring "Debtor to demonstrate that the priority status of wage, salary and commission claims of its employees and independent contractors … to warrant immediate payment in advance of general distribution on prepetition claims.").

16. Section 503(c) disallows transfers to an insider of the debtor for the purpose of inducing the insider to remain with the debtor's business absent a finding that the insider has a bona fide job offer, is essential to the survival of the business, or the transfer satisfies certain conditions. 11 U.S.C. § 503(c)(1).

17. The Debtor has failed to address proposed payments to insiders and failed to demonstrate that payments to insiders are factually or legally justified, citing nonexistent guidelines and rules. Thus, the Employee Wages Motion should be denied until supplemented to (1) identify any insiders that may be receiving payments and (2) demonstrate that any potential payments to insiders meet the statutory requirements for insider compensation.

## IV. CONCLUSION

**WHEREFORE**, the U.S. Trustee requests the Court to sustain his Objection, and to grant such other relief as is just under the circumstances.

The U.S. Trustee reserves all rights with respect to the Motions, including, but not limited to his right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the U.S. Bankruptcy Court should the Motion and/or related pleadings be amended or supplemented, including the right to respond orally at the hearing set for September 23, 2025 and the right to object to any final relief sought.

Dated: September 22, 2025

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:/s/ Trevor R. Fehr
Trevor R. Fehr
Trial Attorney for the United States Trustee