Signed and Filed: January 20, 2026



_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 25-30743 HLB
                                      )
AMERICAN TRASH MANAGEMENT,            ) Chapter 11
INC.,                                 )
                                      )
            Debtor.                   )

### AMENDED TENTATIVE RULING ON WHR HOLDINGS LLC'S OBJECTION TO DEBTOR'S SUBCHAPTER V ELIGIBILITY

This case is scheduled to come before the court on January 22, 2026 for a hearing on creditor WHR Holdings LLC's ("WHR") Objection[1] to Debtor American Trash Management, Inc.'s ("ATM") eligibility for relief under Subchapter V of Chapter 11.[2] ATM timely responded to the Objection;[3] WHR timely replied.[4]

The court has carefully reviewed the Objection, the Response, and the Reply, along with all supporting pleadings and

---

[1] Dkt. 61, as amended by Dkt. 80 (the "Objection") and as supported by the Declarations of Charlton George (Dkts. 62 and 80-1).

[2] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code").

[3] Dkt. 81 (the "Response"), as supported by the Declarations of Scott Brown (Dkt. 82) and Camille Cruz (Dkt. 84) and ATM's Appendix of Authorities (Dkt. 83). On January 20, 2026, ATM filed an Errata with respect to its Response (Dkt. 87).

[4] Dkt. 85 (the "Reply"), as supported by the Supplemental Declaration of Charlton George (Dkt. 85-1) and the Declaration of Matthew Hale (Dkt. 85-2).

other relevant portions of the record.  For the reasons set forth below, the court is inclined to find and conclude that ATM is not eligible for relief under Subchapter V, to **SUSTAIN** WHR's Objection, and to order ATM to file within 10 calendar days following entry of an order on the Objection an amended petition for relief that removes the Subchapter V designation.

**A.   Jurisdiction**

The Objection gives rise to a contested matter over which this court has subject matter jurisdiction and as to which it may enter a final order.[5]

**B.   Background**

ATM offers trash and refuse management solutions to large residential and commercial buildings, businesses, public event spaces, hospitals, schools, factories, and the like.[6]  Among other things, ATM installs and maintains refuse disposal systems and offers consulting and design services for such systems.[7]

WHR designs, manufactures, and sells trash chute systems and other trash management products and equipment typically used in large residential and commercial buildings and other facilities.[8]

---

[5] 28 U.S.C. §§ 1334(a), 157(a), and 157(b)(1); General Order No. 24 of the United States District Court for the Northern District of California (eff. October 19, 2023); In re RS Air LLC, 638 B.R. 403, 408 (B.A.P. 9th Cir. 2022) (recognizing bankruptcy court's jurisdiction over a dispute as to a debtor's eligibility for relief under Subchapter V).

[6] Omnibus Declaration of Scott Brown in Support of First-Day Motions (Dkt. 3), ¶¶ 3, 5, and 6.

[7] Id.

[8] Declaration of Charlton George in Support of Amended Objection (Dkt. 80-1; the "George Decl."), ¶ 2.

On October 1, 2007, ATM and WHR entered into a "Sale, Assignment, Exclusive Manufacturer's Representative and Authorized Service Provider Agreement" (the "Agreement").[9] Pursuant to the Agreement, WHR appointed ATM as its exclusive manufacturing representative and as its authorized service provider in the territory defined in the Agreement. WHR served as ATM's exclusive supplier of the products described in the Agreement.[10]

WHR argues that ATM consistently failed to pay its invoices in accordance with the Agreement.[11] ATM contends that the parties largely ignored the express terms of the Agreement, especially with respect to ordering and payment and whether interest would accrue on unpaid amounts.[12] ATM also argues that WHR's products were often defective, and that WHR did not honor warranties or reimburse ATM for defective goods.[13]

These issues led to serious disputes as to the amount ATM owed to WHR and, in January 2024, ATM and WHR met in an attempt to resolve these disputes.[14] The parties reached an agreement in principal to resolve the disputes over what ATM owed to WHR, but

---

[9] George Decl. (Dkt. 80-1), ¶ 4 and Ex. A.

[10] Id.

[11] Id., ¶ 6.

[12] Declaration of Scott Brown in Support of Response (Dkt. 82; the "Brown Decl."), ¶¶ 4-11.

[13] Brown Decl. (Dkt. 82), ¶¶ 12-14.

[14] Brown Decl. (Dkt. 82), ¶ 15; George Decl. (Dkt. 80-1), ¶ 7.

the parties were never able to finalize this settlement and it fell apart.[15]

In early July 2024, WHR sued ATM in Florida state court to collect what it was allegedly owed.[16] The State Court Action remains pending.[17]

In late July 2025, WHR sent ATM a letter, allegedly terminating the Agreement.[18] In late August 2025, WHR sent further communications to ATM demanding payment. After ATM commenced this bankruptcy case on September 15, 2025, WHR filed Proof of Claim No. 19 on November 5, 2025.[19] WHR amended its claim on December 23, 2025 and now demands payment of $3,819,645.46.[20]

ATM disputes WHR's calculation of most of its Claim. ATM concedes, however, that it owes WHR **$1,611,629.25** as of September 15, 2025.[21] While the final balance owed by ATM to WHR might

---

[15] George Decl. (Dkt. 80-1), ¶¶ 7-8 and Ex. B; Brown Decl. (Dkt. 82), ¶¶ 17-18.

[16] George Decl. (Dkt. 80-1), ¶ 8 and Ex. C; WHR Holdings LLC v. Amer. Trash Management, Inc., Case No. CACE-24-009381 (17th Judicial Dist., Broward County) (the "State Court Action").

[17] Dkt. 1 (Statement of Financial Affairs, p. 154).

[18] George Decl. (Dkt. 80-1), ¶ 9 and Ex. D.

[19] George Decl. (Dkt. 80-1), ¶ 11.

[20] George Decl. (Dkt. 80-1), ¶ 14 and Ex. F (the "Claim").

[21] Brown Decl. (Dkt. 82), ¶ 19 ("ATM calculates the amount owing to WHR as of the petition date to be approximately $1,600,000, without interest"); Declaration of Camille Cruz in Support of Response (Dkt. 84), ¶ 20 ("I calculated that the total open balance due to WHR should be $1,656,760.75 as of July 2, 2025") and ¶ 21 ("I then revised the analysis to calculate the amount owing by ATM to WHR as of the Chapter 11 filing date of September 15, 2025, which I calculate to be a total balance of **$1,611,629.25**") (emphasis added); Response (Dkt. 81) at 22:11.

ultimately exceed this amount, the court is inclined to find this concession fatal to ATM's eligibility for relief under Subchapter V.

**C. Analysis**

Under § 1192, "debtor" means a "small business debtor." As relevant to this contested matter, § 101(51D) defines "small business debtor" as "a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the filing of the petition . . . in an amount not more than $3,424,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor . . . ." The debtor bears the burden of establishing eligibility for relief under Subchapter V.[22]

The parties' dispute centers on whether ATM's aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition exceed $3,424,000.

According to ATM's Schedule D,[23] its liquidated noncontingent secured debt totals **$599,529.00.** ATM's Schedule E discloses liquidated, noncontingent, priority unsecured debts totaling **$468,846.34.**[24] According to ATM's Schedule F, its liquidated, noncontingent, nonpriority unsecured debts total

---

[22] RS Air, 638 B.R. at 414 (holding "that the burden to prove eligibility for subchapter V should be placed on the debtor").

[23] Dkt. 1, pp. 81-82.

[24] Dkt. 1, pp. 83-86.

**$752,584.68**.[25] This amount excludes a debt of $270,833.33 allegedly owed to Mr. Scott Brown (an insider)[26] and the unliquidated debt ATM scheduled in favor of WHR in the amount of $1,883,859.00.

$599,529.00 + $468,846.34 + $752,584.68 + $1,611,629.25 = **$3,432,589.27**. This amount exceeds the limit of **$3,424,000** set forth in § 101(51D) by **$8,589.27** and leaves the court inclined to find that ATM is not eligible for relief under Subchapter V.

Accordingly, the court is inclined to **SUSTAIN** the Objection and **ORDER** ATM to file within 10 calendar days following entry of an order an amended petition for relief that removes the Subchapter V designation.

No later than **4:00 p.m.** on **Wednesday, January 21, 2026,** the parties shall advise chambers by email to Mr. Benjamin Gapuz (benjamin_gapuz@canb.uscourts.gov) with a courtesy copy to opposing counsel as to whether they accept this tentative ruling. If both parties accept this tentative ruling, the court will enter an order consistent with this tentative ruling and vacate the January 22, 2026 hearing. If one or more parties decline to accept this tentative ruling, then the January 22 hearing will proceed.

**\*\*END OF ORDER\*\***

---

[25] Dkt. 1, pp. 87-137.

[26] Dkt. 1 (Sch. E/F), at p. 122.

**Court Service List**