Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com

Attorneys for American Trash Management, Inc.,
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor-in-Possession. | Case No. 25-30743-HLB<br><br>Chapter 11, Subchapter V<br><br>**EMERGENCY MOTION FOR RECONSIDERATION OF ORDER SUSTAINING WHR HOLDINGS LLC'S OBJECTION TO DEBTOR'S SUBCHAPTER V ELIGIBILITY**<br><br>**Date:** To be set<br>**Time:** To be set<br>**Ctrm:** Via Zoom or In-Person, at Courtroom 19, 450 Golden Gate Ave. 16th Floor, San Francisco, CA |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.   LEGAL STANDARD ........................................................................................... 2

III.   LEGAL ARGUMENT .......................................................................................... 4

    A.   Civil Rule 59 Permits the Relief Requested ............................................. 4

    B.   Civil Rule 60(b)(1) Permits Relief from the Eligibility Order to Correct Mistake or Inadvertence Reflected in the Record ................................................ 4

IV.   CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) ............................................. 3, 5

*Blankinship v. Union PAC R.R. Co.*, 2022 U.S. Dist. LEXIS 201456 (D. Ariz. Nov. 4, 2022) ..... 3

*Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) ................................................. 3

*Curtis v. United States*, 61 Fed. Cl. 511 (2004) ............................................................................. 5

*Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718 (B.A.P. 9th Cir. 2002) .......... 3

*Hoeft v. Witzer (In re Witzer)*, 2025 Bankr. LEXIS 995 (B.A.P. 9th Cir. Apr. 23, 2025) .............. 3

*In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682 (Bankr. C.D. Cal. 2003) ......................... 2

*Kemp v. United States*, 596 U.S. 528 (2022) .................................................................................. 5

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999) ........................... 4

*McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) .............................................................. 2, 3

*Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) .......................................................................... 3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ........................... 3

*Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950 (9th Cir. 2013) ....................................................... 3

**Statutes**

11 U.S.C. § 101(51D) ....................................................................................................................... 1

11 U.S.C. § 1182(1) ......................................................................................................................... 1

**Other Authorities**

Black's Law Dictionary 1195 (3d ed. 1933) .................................................................................... 5

Funk & Wagnalls New Standard Dictionary of the English Language 1588 (1944) ...................... 5

Webster's New International Dictionary 1383 (1914) ..................................................................... 5

**Rules**

Fed. R. Bankr. P. 8007 ..................................................................................................................... 1

Fed. R. Bankr. P. 9023 .................................................................................................................. 1, 2

Fed. R. Bankr. P. 9024 .................................................................................................................. 1, 3

Fed. R. Civ. P. 59(e) ...................................................................................................................... 1, 2

Fed. R. Civ. P. 60(b) .................................................................................................................. 1, 3, 4

Fed. R. Civ. P. 60(b)(1)..........................................................................................................5

Fed. R. Civ. P. 60(b)(1) ................................................................................................................... 5

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Federal Rules of Bankruptcy Procedure 9023 and 9024,[1] Debtor American Trash Management, Inc. ("ATM" or the "Debtor") respectfully moves for reconsideration of this Court's *Order Sustaining WHR Holdings LLC's Objection to Debtor's Subchapter V Eligibility* entered on January 22, 2026 (ECF 90, the "Eligibility Order").

## I. INTRODUCTION

ATM respectfully seeks reconsideration of the Eligibility Order because it was based on a mistaken duplication in the original schedules and inadvertent overstatement of debt, and such other reasons that justifies relief, to correct the record and avoid an erroneous decision by the Court.

ATM commenced this case electing Subchapter V relief based on its schedules, which were filed in good faith and reflected that its liquidated, noncontingent debts on the petition date fell below the statutory limit in §§ 1182(1) and 101(51D). (ECF 1). WHR Holdings, LLC ("WHR") objected, contending that its asserted claim—consisting of unpaid invoices and substantial accrued contractual interest—was liquidated and, when included, rendered ATM ineligible. (ECF 80). The Court sustained that objection and ordered ATM to file an amended petition for relief removing the Subchapter V designation by February 2, 2026. (ECF 90).

The Eligibility Order expressly relies on Schedules E and F, which calculated ATM's liquidated, noncontingent, priority unsecured debts as totaling $468,846.34 (ECF 1, pp. 83–86; ECF 90, p. 2 n.7); and liquidated, noncontingent, nonpriority unsecured debts totaling $752,584.68—excluding a debt of $270,833.33 owed to Scott Brown (an insider) and the debt ATM scheduled it owed to WHR in the disputed and unliquidated amount of $1,883,859.00 (ECF 1, pp. 87–137; ECF 90, p. 2 n.7).

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Civil Rule" references are to the Federal Rules of Civil Procedure, "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding, and all ECF page references are to the ECF pagination, not internal pagination.

After the hearing on WHR's objection, and while in the process of amending its schedules, ATM discovered that a single debt owed to the County of Alameda appears twice in ATM's original schedules: once on Schedule E as an unsecured priority tax claim in the amount of $19,425.37 (ECF 1, p. 84), and again on Schedule F as an unsecured nonpriority business debt in the amount of $19,425.00 (ECF 1, p. 98). As explained in the accompanying declaration of Scott Brown, those entries reflect the same underlying obligation but were inadvertently duplicated across schedules. When that duplication is corrected, and the Court's own methodology is applied, which treated WHR as having a liquidated debt of $1,611,629.25, ATM's aggregate debt on the petition date falls below the Subchapter V eligibility limit. The Eligibility Order found ATM exceeded the limit by only $8,589.27. (ECF 90, p. 2). Because the Court relied on the unamended schedules as evidence in making a threshold statutory determination, ATM respectfully submits that it is appropriate to bring this discrete error to the Court's attention so that eligibility may be assessed on an accurate factual record.

## II. LEGAL STANDARD

Pursuant to Civil Rule 59(e), made applicable to these proceedings by Bankruptcy Rule 9023, this Court may alter or amend a judgment previously entered in a proceeding. Civil Rule 59(e). A motion for reconsideration brought under Civil Rule 59 can be granted based on "one or all of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 529 U.S. 1082 (2000)).

Further, Bankruptcy Rule 9023(b) provides in relevant part that "[a] motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered." Bankruptcy Rule 9023(b). Since this Motion was filed within 14 days after issuance of the Eligibility Order, it is timely brought and allows the Court to amend its ruling.

Alternatively, Civil Rule 60(b), made applicable in bankruptcy proceedings by Bankruptcy Rule 9024, provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for any of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or (6) "any other reason that justifies relief." Civil Rule 60(b); *see also Hoeft v. Witzer (In re Witzer)*, 2025 Bankr. LEXIS 995, at *8 (B.A.P. 9th Cir. Apr. 23, 2025).

There must be a showing of "clear error" to amend a judgment from either mistake or inadvertence. *Blankinship v. Union PAC R.R. Co.*, 2022 U.S. Dist. LEXIS 201456, at *5 (D. Ariz. Nov. 4, 2022) (citing *McDowell*, 197 F.3d at 1255). The "clear error" must be definite such that the court is left with a "firm conviction that a mistake has been committed." *Id.* (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

In considering whether relief is warranted for excusable neglect under Civil Rule 60(b)(1), courts should consider: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (holding that the *Pioneer* test applies to motions for relief under Civil Rule 60(b)). When applying this test, courts may not apply per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) ("We now hold that per se rules are not consistent with *Pioneer*.").

In addition, the moving party must show that no intervening rights have become vested in reliance on the order or judgment. *See Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 731 (B.A.P. 9th Cir. 2002) ("A bankruptcy court always has the power to reconsider, modify or vacate its previous orders so long as no intervening rights have become vested in

reliance on the orders. Such power is now exercised under Rule 60(b)." (internal citations and quotations omitted)).

### III. LEGAL ARGUMENT

#### A. Civil Rule 59 Permits the Relief Requested

Relief may be granted under grounds one, two or three outlined above. Under the first ground, the calculation included in the Eligibility Order is a manifest error of fact because it was based upon the duplicate entry of the debt to Alameda County. To be clear, the error is a result of the Debtor's mistaken duplication, which the Court relied upon in calculating the debt amount. Nonetheless, an order based upon this premise is manifest error.

As to the second ground, the evidence was discovered as the Debtor was in the process of amending its schedules after the hearing. The information was technically available to the Debtor as it was in its filed Schedules, but Debtor was unaware of it at the time. In responding to WHR's objection to its eligibility, Debtor focused on the issue of the unliquidated nature of WHR's claim, rather than the specifics of each claim listed in its Schedules. The Debtor apologizes to the Court for not catching the duplication prior to the hearing.

Finally, reconsideration is necessary to prevent manifest injustice. It would be unjust to disqualify the Debtor from Subchapter V eligibility based upon calculations that include a duplicated entry for the debt to Alameda County.

#### B. Civil Rule 60(b)(1) Permits Relief from the Eligibility Order to Correct Mistake or Inadvertence Reflected in the Record

ATM respectfully submits that Civil Rule 60(a) provides that the Court may, on motion or *sua sponte*, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Civil Rule 60(a). More specifically, Civil Rule 60(b)(1) permits the Court to relieve a party "from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Civil Rule 60(b)(1). Relief under Civil Rule 60(b)(1) is not limited to mistake or inadvertence by a party; it may be applied where an order rests on a factual mistake apparent from the record. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

As set forth above, ATM seeks correction of a double-counting error arising from the original schedules on which the Court expressly relied. The Eligibility Order cites Schedules E and F as the evidentiary basis for calculating ATM's aggregate noncontingent, liquidated debt. (ECF 90, p. 2 n.7). However, as explained in the declaration of Scott Brown, the Alameda County claim appearing on both schedules reflects a single underlying obligation, inadvertently listed twice in different classifications. Correcting that duplication ensures that the Court's eligibility determination rests on an accurate understanding of the evidence that it relied upon.

The Supreme Court has defined "mistake" to apply to any "misconception," "misunderstanding," or "fault in opinion or judgment," *Kemp v. United States*, 596 U.S. 528, 534 (2022) (quoting Webster's New International Dictionary 1383 (1914), and Funk & Wagnalls New Standard Dictionary of the English Language 1588 (1944) (defining "mistake" as an "error in action, judgment, or perceptions," including, *e.g.*, "*a mistake in calculation*") (emphasis added)); and, in its legal usage, "mistake" included errors "of law or fact." *Id*. (quoting Black's Law Dictionary 1195 (3d ed. 1933)). In *Kemp*, the Supreme Court concluded that there was no indication of an intent to give "mistake" a narrower meaning in Civil Rule 60(b). *Id*. at 534–35. The "mistake" at issue may be on the part of a party, counsel, or the court. *See*, *e.g.*, *Curtis v. United States*, 61 Fed. Cl. 511, 514–15 (2004). The duplicate County of Alameda claims were clearly scheduled in error, which resulted in a mistake in calculation, and the Court understandably, but mistakenly relied on those numbers.

The Court may also grant relief on the basis of excusable neglect. First, with respect to whether granting relief would prejudice the opposing party, there is no indication WHR would be meaningfully prejudiced by the Court's decision to grant relief and consider ATM's motion. Rather, at most, granting relief from the Eligibility Order will result in WHR losing an unmerited victory, based on the Court's understandable but mistaken reliance on scheduled totals that include a duplicate claim scheduled for Alameda County. *See Ahanchian*, 624 F.3d at 1262 (finding no prejudice where defendants would lose "a quick but unmerited victory"). Second, with respect to the length of the delay and its potential impact on the proceedings, ATM did not delay in filing the instant motion after the Court entered the Eligibility Order only days ago. The

time provided in the Eligibility Order for ATM to amend its petition to remove the Subchapter V designation has not yet elapsed, so the potential impact on the proceedings are negligible. Third, with respect to the reason for delay, ATM did not identify the duplication earlier because the two County of Alameda claims—listed in different schedules—were not identified as the same obligation until ATM began preparing amended schedules. Fourth, with respect to whether ATM acted in good faith, this is not a case where the debtor omitted listing a debt to conceal a claim; rather, ATM's error arose out of a desire to be over-inclusive, scheduling what appeared to be two debts in nearly identical amounts owed to the County of Alameda on the petition date. However, this duplication will have the unjust result of pushing ATM over the Subchapter V debt limit under the reasoning of the Eligibility Order.

Because the Eligibility Order was decided by the Court under a misapprehension of the facts as of the petition date due to a mistake in calculation in the original schedules, ATM respectfully submits that it is appropriate for the Court to reconsider its order so that eligibility may be assessed on an accurate, non-duplicative factual record. Here, ATM seeks to correct a mistake, where correction avoids an adverse eligibility determination turning on an arithmetic error, denial of relief would elevate form over substance. No intervening rights have vested. No creditor relied on the Eligibility Order to its detriment. And the requested relief would not prejudice WHR, whose substantive objections and claims remain unchanged.

## IV. CONCLUSION

For the foregoing reasons, ATM respectfully requests that the Court grant relief from the Eligibility Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Federal Rules of Bankruptcy Procedure 9023 and 9024, correct the inadvertent double counting of the County of Alameda debt reflected in Schedules E and F, and determine that ATM is eligible to proceed under Subchapter V.

Dated: January 27, 2026

FINESTONE HAYES LLP

*/s/ Stephen D. Finestone*
Stephen D. Finestone
Jennifer C. Hayes
Attorneys for American Trash Management, Inc., Debtor-in-Possession