1 | Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
2 | FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
3 | San Francisco, CA 94104
Tel.:  (415) 421-2624
4 | Fax:  (415) 398-2820
Email: sfinestone@fhlawllp.com
5 | Email: jhayes@fhlawllp.com

6 | Attorneys for American Trash Management, Inc.,
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor-in-Possession. | Case No. 25-30743-HLB<br><br>Chapter 11, Subchapter V<br><br>**APPLICATION FOR AN ORDER SHORTENING TIME FOR NOTICE AND HEARING ON EMERGENCY MOTION FOR RECONSIDERATION OF ORDER SUSTAINING WHR HOLDINGS LLC'S OBJECTION TO DEBTOR'S SUBCHAPTER V ELIGIBILITY**[1]<br><br>**Date:** To be set<br>**Time:** To be set<br>**Ctrm:** Via Zoom or In-Person, at Courtroom 19, 450 Golden Gate Ave. 16th Floor, San Francisco, CA |

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Civil Rule" references are to the Federal Rules of Civil Procedure, "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding, and all ECF page references are to the ECF pagination, not internal pagination.

Debtor American Trash Management, Inc. ("ATM" or the "Debtor") submits this ex parte application (the "Application"), pursuant to Bankruptcy Rule 9006 and B.L.R. 9006-1, for an order shortening time for notice and hearing on ATM's concurrently-filed *Emergency Motion for Reconsideration of Order Sustaining WHR Holdings LLC's Objection to Debtor's Subchapter V Eligibility* (the "Motion"). This Application seeks an order from the Court setting a hearing on the Motion <u>on or before February 2, 2026</u>, at the United States Bankruptcy Court in Courtroom 19 at 450 Golden Gate Ave., 16th Floor, San Francisco, California.

This Application is supported by the Declaration of Stephen D. Finestone (the "Finestone Decl.") filed concurrently with this Application. For the reasons set forth below, good cause and exigent circumstances exist to grant this Application to hear the Motion on shortened time.

## I. BACKGROUND

A detailed background is provided in ATM's concurrently filed Motion and the accompanying declaration of ATM's Chief Executive Officer Scott Brown. A condensed summary is provided below.

ATM commenced this case on September 15, 2025, electing Subchapter V relief based on its schedules, which were filed in good faith and reflected that its liquidated, noncontingent debts on the petition date fell below the statutory limit in §§ 1182(1) and 101(51D). (ECF 1). WHR Holdings, LLC ("WHR") objected, contending that its asserted claim—consisting of unpaid invoices and substantial accrued contractual interest—was liquidated and, when included, rendered ATM ineligible. (ECF 80). On January 22, 2026, the Court entered the *Order Sustaining WHR Holdings LLC's Objection to Debtor's Subchapter V Eligibility* (the "Eligibility Order"), and ordered ATM to file an amended petition for relief removing the Subchapter V designation within 10 calendar days following entry of this order. (ECF 90). Ten calendar days from the entry of the Eligibility Order is <u>February 2, 2026</u>.

The Eligibility Order expressly relies on Schedules E and F, which calculated ATM's liquidated, noncontingent, priority unsecured debts as totaling $468,846.34 (ECF 1, pp. 83–86; ECF 90, p. 2 n.7); and liquidated, noncontingent, nonpriority unsecured debts totaling $752,584.68—excluding a debt of $270,833.33 owed to Scott Brown (an insider) and the debt

ATM scheduled it owed to WHR in the disputed and unliquidated amount of $1,883,859.00 (ECF 1, pp. 87–137; ECF 90, p. 2 n.7).

After the hearing on WHR's objection, and while in the process of amending its schedules, ATM discovered that a single debt owed to the County of Alameda appears twice in ATM's original schedules: once on Schedule E as an unsecured priority tax claim in the amount of $19,425.37 (ECF 1, p. 84), and again on Schedule F as an unsecured nonpriority business debt in the amount of $19,425.00 (ECF 1, p. 98). As explained in the accompanying declaration of Scott Brown, those entries reflect the same underlying obligation but were inadvertently duplicated across schedules. When that duplication is corrected, and the Court's own methodology is applied, which treated WHR as having a liquidated debt of $1,611,629.25, ATM's aggregate debt on the petition date falls below the Subchapter V eligibility limit. The Eligibility Order found ATM exceeded the limit by only $8,589.27. (ECF 90, p. 2). Because the Court relied on the unamended schedules as evidence in making a threshold statutory determination, ATM respectfully submits that it is appropriate to bring this discrete error to the Court's attention so that eligibility may be assessed on an accurate factual record *before* ATM is required to file an amended petition in compliance with the Eligibility Order.

## II.   DISCUSSION

### A.   Requirements for Shortening Time

The procedure for filing and noticing motions for relief from stay is set forth in Bankruptcy Rules 4001 and 9014 and B.L.R. 4001-1. The Bankruptcy Local Rules also provide a procedure for seeking an order shortening time. B.L.R. 9006-1. The procedure sets forth four points that must be discussed in any application for shortening time. B.L.R. 9006-1(c). They are addressed below.

### B.   Good Cause and Exigent Circumstances Exist to Shorten Time

First, the reason for the requested shortening of time is that an expedited hearing is required to correct a mistake in the record on which the Eligibility Order is based *before* ATM must file an amended petition to remove the Subchapter V designation on or before February 2, 2026. Finestone Decl. ¶ 2.

APPLICATION FOR ORDER SHORTENING TIME    3
Case: 25-30743   Doc# 94   Filed: 01/28/26   Entered: 01/28/26 15:06:15   Page 3 of 5

If the Court were to extend the deadline for ATM to file its amended petition, the Motion could be heard on regular notice, or at least on a date after the February 2, 2026 deadline to allow the creditor and the Court more time to respond to and assess the Motion.

Second, there are no previous time modifications related to the subject of this request. Finestone Decl. ¶ 3.

Third, the requested time modification will have little effect on the bankruptcy case schedule. The aim of the Motion is to avoid the unnecessary filing of an amended petition should the Court reconsider the Eligibility Order. The only effect of the requested time modification is to allow hearing on the Motion before ATM must file an amended petition to remove the Subchapter V designation on or before February 2, 2026. Finestone Decl. at ¶ 4.

Fourth, counsel for ATM checked with counsel for WHR as to its willingness to consent to shortened time or extend the deadline for ATM to file an amended petition. On January 28, 2026, at approx. 6:52 a.m., counsel for ATM served the Motion and supporting declaration via e-mail to Sblend A. Sblendorio, Matthew Hale and Charles Postler, counsel for WHR, and asked whether WHR would stipulate to a hearing on shortened time or an extension to the deadline to file an amended petition. At approximately 11:20 a.m. on the same day, counsel for WHR advised that it was unwilling to agree as to either request. Finestone Decl. ¶ 5.

C. Requested Notice and Opposition Procedures

If the Court grants this Application, ATM proposes to serve the order granting the Application, notice of the hearing on the Motion, the Motion, and the supporting declaration of Scott Brown to WHR's counsel, the Subchapter V Trustee, and the U.S. Trustee's Office within one business day electronically. The Opposition would be filed on January 30, 2026, or presented orally at the hearing.

### III. CONCLUSION

For the reasons stated above, ATM respectfully requests that the Court grant this Application, set the Motion for hearing on shortened time <u>on or before February 2, 2026</u>, and grant such further relief as the Court deems appropriate.

///

Alternatively, if the Court extends the deadline for ATM to file its amended petition, the hearing date can be adjusted accordingly, so that the motion may be heard on regular notice or on a less compressed schedule.

Dated: January 28, 2026  FINESTONE HAYES LLP

　　　　　　　　　　　　　　　　　　　　　　 */s/ Stephen D. Finestone*
Stephen D. Finestone
Jennifer C. Hayes
Attorneys for American Trash Management, Inc., Debtor-in-Possession