Sblend A. Sblendorio (SBN 109903)
sblend.sblendorio@hogefenton.com
Remington A. Lenton-Young (SBN 295392)
remington.lenton-young@hogefenton.com
Paula B. Nystrom (SBN 329651)
paula.nystrom@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
6801 Koll Center Parkway, Suite 210
Pleasanton, California 94566-7047
Phone: 925.224.7780
Fax: 925.224.7782

Matthew B. Hale (FBN 0110600)(Pro Hac Vice)
mhale@srbp.com
STICHTER, RIEDEL, BLAIN & POSTLER, P.A.
110 E. Madison St, Suite 200
Tampa, Florida 33602-4700
Phone: 813-229-0144
Fax:  813-229-1811

Attorneys for Creditor, WHR Holdings, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>   Debtor. | Case No. 25-30743<br><br>Chapter 11, Subchapter V<br><br>**RESPONSE TO DEBTOR'S EMERGENCY MOTION FOR RECONSIDERATION OF ORDER SUSTAINING WHR HOLDINGS LLC'S OBJECTION TO DEBTOR'S SUBCHAPTER V ELIGIBILITY**<br><br>Hearing: March 5, 2026<br>Time: 10:00 a.m.<br>Ctrm: Via Zoom or In-Person, at Courtroom 19, 450 Golden Gate Ave., 16th Floor, San Francisco, CA |

## TABLE OF CONTENTS

I. Introduction ................................................................................................. 1

II. Procedural History ....................................................................................... 1

III. Argument ..................................................................................................... 2

   A. The Debtor fails to satisfy the standards for reconsideration under Fed. R. Civ. P. 59(e) . 2

   B. The Debtor fails to satisfy the standards for reconsideration under Fed. R. Civ. P. 60(b). 4

   C. Allowing for the removal of the duplicate claim would still render the Debtor ineligible for Subchapter V relief.................................................................................. 6

IV. Conclusion ................................................................................................... 8

# TABLE OF AUTHORITIES

### CASES

*Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) .. 2

*Blankinship v. Union Pac. R.R. Co.*, No. CV-21-00072-TUC-RM, 2022 WL 16715467, at *4 (D. Ariz. Nov. 4, 2022) ................................................................................................................. 3

*Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004). .................................................. 6

*Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ....................................... 6

*Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003) .............................. 3

*In re Lee*, 655 B.R. 340, 352 (B.A.P. 9th Cir. 2023) ..................................................................... 7

*In re Parking Mgmt., Inc.*, 620 B.R. 544 (Bankr. D. Md. 2020) ..................................................... 7

*In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005) .......................................................... 2, 5

*Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). ................................. 2, 3

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ................................... 6

*Legardy v. Ceballos*, No. 2:07-CV-00676-KJD, 2012 WL 3260470, at *1 (E.D. Cal. Aug. 8, 2012), *aff'd,* 528 F. App'x 712 (9th Cir. 2013). ........................................................................ 3

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ................................................................ 4

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S .Ct. 1489, 123 L.Ed.2d 74 (1993) ............................................................................................. 4

*Scovis v. Henrichsen* (*In re Scovis*), 249 F.3d 975, 982 (9th Cir. 2001) ....................................... 7

*Sierra Club v. Tahoe Reg'l Plan. Agency*, 916 F. Supp. 2d 1098, 1158 (E.D. Cal. 2013) ............. 3

Creditor, WHR Holdings, LLC ("WHR"), files this response (the "Response") to the Debtor's Emergency Motion for Reconsideration of Order Sustaining WHR Holdings LLC's Objection to Debtor's Subchapter V Eligibility (Doc. No. 92) (the "Reconsideration Motion"). In support of this Response, WHR states as follows:

I. Introduction

The Debtor's Reconsideration Motion should be denied, as reconsideration is completely unwarranted. The Court already considered and rejected the Debtor's argument that it should be afforded an opportunity to amend its schedules in another effort to achieve the unachievable in this case, Subchapter V eligibility. It is improper and inconsistent with applicable case law to rehash old arguments in seeking reconsideration. The Court made no clear error in relying on the Debtor's signed and filed schedules in its analysis, and all parties agreed on the same total scheduled claim amounts in advance of the January 22, 2026, hearing. The Debtor's efforts to selectively amend its schedules to put itself under the Subchapter V debt limit should not be condoned by the Court and do not provide a basis for reconsideration.

II. Procedural History

On December 23, 2025, WHR filed its Amended Objection to Debtor's Subchapter V Eligibility (Doc. No. 80) (the "Objection"). The Debtor filed its Response to the Objection on January 8, 2026 (Doc. No. 81) (the "Objection Response"), and WHR filed its Reply to the Objection Response on January 15, 2026 (Doc. No. 85) (the "Reply").

The Court held a hearing on the Objection, the Objection Response, and the Reply on January 22, 2026 (the "Hearing"). After the Hearing on January 22, 2026, the Court entered its Order Sustaining WHR Holdings LLC's Objection to Debtor's Subchapter V Eligibility (Doc. No. 90) (the "Eligibility Order"). In the Eligibility Order, the Court sustained the Objection and ordered the Debtor to amend its petition to remove the Subchapter V designation within 10 days.

On January 27, 2026, the Debtor filed its Reconsideration Motion (Doc. No. 92). The Court then entered an order suspending the Debtor's deadline to amend its petition, set a briefing schedule on the Reconsideration Motion, and scheduled a hearing on the Reconsideration Motion for March 5, 2026.

Through the Reconsideration Motion, the Debtor asks the Court to reconsider the Eligibility Order because the Debtor claims that it inadvertently double-counted the claim of the County of Alameda in its

initially filed schedules, listing the creditor once as a priority tax claim at $19,425.37 and again as a general unsecured claim at $19,425.00. The Debtor argues that, under the Court's analysis in the Eligibility Order—which assumed that WHR's claim is "no less than $1,611,629.25" based on the Debtor's admission that it owes WHR that amount—it would be under the Subchapter V threshold of $3,424,000 if the duplicate claim were removed.

As discussed below, the Debtor's claimed basis for reconsideration fails to meet the high bar necessary to warrant reconsideration. Regardless of the mistakes allegedly made by the Debtor or its attorneys, the *Court* committed no clear error based on the evidence and arguments before it, and the Debtor's revelation does not amount to newly discovered evidence. The Debtor's belated effort to selectively amend its schedules only in a manner that benefits the Debtor creates just the type of continually moving target the Court already decided it would not countenance.

### III. Argument

#### A. The Debtor fails to satisfy the standards for reconsideration under Fed. R. Civ. P. 59(e)

The Debtor fails to satisfy the high bar for reconsideration under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. Generally, if a motion for reconsideration is filed within the 14-day time period required by Fed. R. Bankr. P. 9023, the motion is properly considered as a Rule 59(e) motion to alter or amend judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (stating that a "motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment"); *In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005) (same).

Although Rule 59(e) permits a court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

///

Further, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, "[a] motion for reconsideration 'should not merely present arguments previously raised, or which could have been raised in the initial . . . motion.'" *Sierra Club v. Tahoe Reg'l Plan. Agency*, 916 F. Supp. 2d 1098, 1158 (E.D. Cal. 2013) (citations omitted). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. *Legardy v. Ceballos*, No. 2:07-CV-00676-KJD, 2012 WL 3260470, at *1 (E.D. Cal. Aug. 8, 2012), *aff'd*, 528 F. App'x 712 (9th Cir. 2013).

The Debtor has raised no legitimate basis for reconsideration. The Court already considered and rejected the Debtor's argument that it should be permitted to amend its schedules to correct alleged mistakes that resulted in an overstatement of total claims on its schedules. (Doc. No. 90, p. 4 ("Finally, the court respectfully rejects ATM's suggestion that it defer ruling and accept ATM's not-yet-filed amended schedules in support of eligibility.")). The Court further concluded that "[t]he record with respect to the Objection closed with the filing of WHR's Reply, and the court declines to make eligibility a continually moving target." (*Id.*)

Through its Reconsideration Motion, the Debtor yet again asks the Court to accept its not-yet-filed amended schedules and vacate its order on that basis. The Debtor *still* has not filed amended schedules. The Debtor is simply repeating the same arguments it previously raised at the Hearing, which is improper for a motion for reconsideration under either Rule 59(e) or Rule 60(b). *See Sierra Club*, 916 F. Supp. 2d 1098. "Motions for reconsideration should not be used to ask a court 'to rethink what the court had already thought through – rightly or wrongly.'" *Blankinship v. Union Pac. R.R. Co.*, No. CV-21-00072-TUC-RM, 2022 WL 16715467, at *4 (D. Ariz. Nov. 4, 2022) (citation omitted).

The Debtor's apparent revelation that it made a mistake on its schedules does not qualify as newly discovered evidence. "Evidence 'in the possession of the party before the judgment was rendered is not newly discovered . . . .' " *Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003), *quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.,* 833 F.2d 208, 212 (9th Cir. 1987). The Debtor filed its schedules with its petition on September 15, 2025 (Doc. No. 1). The amount of the Debtor's scheduled claims was squarely at issue since WHR filed its initial objection to eligibility on

November 5, 2025. The Debtor had ample opportunity to identify and address this alleged mistake in advance of the Hearing, but did not.

As the Debtor recognizes, there must be a showing of "clear error" to amend a judgment from either mistake or inadvertence. (Reconsideration Motion p. 7). The Court committed no clear error—the Court relied on the documents and evidence before it in rendering its decision. The Court relied on the schedules as filed by the Debtor and signed under penalty of perjury by Mr. Brown. Going into the Hearing, the parties were in agreement on the amount of scheduled claims. (See Debtor's Errata, Doc. No. 87). How could the Court, on its own initiative, be expected to comb through each line item on the schedules to check for potential duplicate claims? Courts rely on parties to present their arguments and evidence, and the Debtor never raised this issue before the Hearing. Notwithstanding the Debtor's failure, and as more fully discussed below, the alleged error by the Debtor does not change the fact that the Debtor remains ineligible for Subchapter V status.

**B. The Debtor fails to satisfy the standards for reconsideration under Fed. R. Civ. P. 60(b)**

The result is no different under Rule 60(b). The Debtor argues that "excusable neglect" justifies reconsideration. The Debtor cites the four *Pioneer* factors, which include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S .Ct. 1489, 123 L.Ed.2d 74 (1993)).

WHR would be prejudiced by reconsideration. Counsel for WHR traveled to San Francisco for the Hearing and incurred significant legal fees preparing for and attending the Hearing and briefing the issues. The Debtor would have the Court repeat the whole process based on its new argument and unjustified "mistake."

The length of delay and its potential impact on judicial proceedings also weigh against a finding of excusable neglect. The Debtor filed its schedules on September 15, 2025, over four months before it filed its Reconsideration Motion. Only after the Court's ruling on WHR's Objection does the Debtor now come forward to assert and correct this claimed error it apparently created. Reconsideration would impact

judicial proceedings by causing further delay while the Debtor operates in limbo and continues to litigate all of the other issues raised in WHR's Objection.

For the third factor, the Debtor has failed to put forth any evidence that the "neglect" of the Debtor or its counsel was in any way excusable. Excusable neglect determinations often come down to considering "the reason for the negligence." *In re Walker*, 332 B.R. 820, 831 (Bankr. D. Nev. 2005). The only reason offered for the neglect is that "ATM's error arose out of a desire to be over-inclusive, scheduling what appeared to be two debts in nearly identical amounts owed to the County of Alameda on the petition date." (Reconsideration Motion p. 10). Although this may be an instance of neglect, the neglect is not "excusable neglect." *Compare, Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (finding excusable neglect based on attorney calendaring error), *with In re Walker*, 332 B.R. 820, 831 (Bankr. D. Nev. 2005) (finding no excusable neglect where appearance counsel failed to appear at hearing).

Last, and of significant importance in the analysis, the Debtor's conduct is not in good faith. The Debtor points to one single alleged mistake in its schedules with the clear goal of getting itself under the Subchapter V eligibility limit based on the Court's ruling in the Eligibility Order. However, the Debtor ignores other instances in which it clearly omitted claims or under-scheduled claim amounts, which, if corrected, would operate to its detriment as to Subchapter V eligibility. For example, the Debtor completely omitted from its schedules $91,535.43 in secured claims of Ford Motor Credit Co. LLC (Claim Nos. 1, 2, 4, 5, and 6) and a $16,883.09 secured claim by Lincoln Automotive Financial (Claim No. 3).[1] The Debtor scheduled the claim of Fremont Bank at $599,529.00, but Fremont's filed claim is for $613,499.44, which includes interest and fees the Debtor omitted. (Claim No. 21). The Debtor's myopic approach for reconsideration would have the Court "put on blinders" and ignore the understated claims and omitted claims, in whole or in part, in an effort to improperly qualify for Subchapter V eligibility.

---

[1] The Debtor, in previous filings, admitted that it was obligated on secured vehicle loans, and even indicated that the claims were scheduled when they are not. In its cash collateral motion, the Debtor states: "There are also various lenders secured by vehicles used in connection with the Debtor's operations, as indicated in the Schedules filed along with the Petition." (Doc. No. 5, p. 4, ln. 14-15). In the accompanying Declaration of Scott Brown, Mr. Brown states: "The Debtor's primary liabilities are notes payable to Fremont Bank, accounts payable, past due sales tax liabilities of $433,893.27, *and purchase money truck loans*." (Doc. No. 3, ¶ 17).

The Debtor's effort to selectively amend its schedules in the face of an eligibility objection, and to pick and choose which mistakes to correct or which omissions to ignore, creates the very type of "continually moving target" the Court considered and rejected in its Eligibility Order.

Ultimately, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). Even if the Debtor says the error was its counsel's error, as a general rule, parties are bound by the actions of their lawyers, and an attorney's mistake in presenting evidence or arguing the law will not provide a basis to set aside a judgment pursuant to Rule 60(b)(1). *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge . . . ."); *see also Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004).

**C. Allowing for the removal of the duplicate claim would still render the Debtor ineligible for Subchapter V relief.**

Based on the Debtor's Objection Response and the amount the Debtor admitted it owed to WHR, $1,611,629.25, albeit significantly understated, the Court correctly decided that it did not need to resolve many of the other issues raised in the Objection and related briefing. Based on the Debtor's schedules, as filed, and assuming that WHR's claim amount is "not less than $1,611,629.25," the Court sustained WHR's Objection.

However, at no time did WHR admit or limit its claim to only the amount of $1,611,629.25. To the contrary, WHR filed its proof of claim in the amount of $3,819,645.46. (Claim No. 19-2), which consists of $1,668,336.28 in principal amount due on invoices spanning years, plus $2,151,309.18 in interest based on the terms of the written agreement between the parties. The Debtor has not filed an objection to WHR's proof of claim, and the claim is prima facie valid. As described in its Objection and the Declaration of Charlton George filed in support thereof, the Debtor's past-due balances to WHR date back years, with the most significant balances being from 2021 to 2023. (Doc. No. 80-1 ¶ 16).

Even using the accurate invoice balance submitted by WHR of $1,668,336.28, and not accounting for any interest, the Debtor is ineligible for Subchapter V, even with the alleged duplicate County of Alameda claim removed. In addition, as WHR argued in its Objection and Reply, WHR *is* entitled to

interest under the contract between the parties. Indeed, the Debtor previously *agreed* in writing that it owed a substantial sum of interest to WHR. (Doc. No. 80-1, Ex. B; *see* Reply, Doc. No. 85 at pp. 11-13). The contract between the parties provides for interest, and WHR has submitted an exact amount of interest with its proof of claim. The Debtor has not submitted its own interest calculation, choosing only to argue that WHR is not entitled to interest. WHR's full claim amount of $3,819,645.46 is readily ascertainable and liquidated. The disputes the Debtor raised in its Objection Response regarding interest are the types of disputes as to liability that do not render a claim unliquidated. (*See* Reply, Doc. No. 85 at pp. 8-11).

Additionally, as WHR argued in its Reply, the Court should not be bound to blindly rely only on the Debtor's schedules in determining the Debtor's Subchapter V eligibility under these circumstances. In the Chapter 13 eligibility context, the Ninth Circuit has held that Chapter 13 eligibility "should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis v. Henrichsen* (*In re Scovis*), 249 F.3d 975, 982 (9th Cir. 2001). As subsequent courts have said, "[t]he inclusion of 'normally' as a qualifier indicates that the Ninth Circuit foresaw instances where, irrespective of good faith, the eligibility analysis can sometimes involve more than just the face of the debtors' schedules." *In re Lee*, 655 B.R. 340, 352 (B.A.P. 9th Cir. 2023), *aff'd sub nom. Mission Hen, LLC v. Lee*, 137 F.4th 1008 (9th Cir. 2025).

The Court in *In re Parking Mgmt., Inc.*, 620 B.R. 544 (Bankr. D. Md. 2020), considered the appropriate standard to apply in determining a Subchapter V eligibility objection and whether to consider filed claims. The Court found that although "[t]he standards developed by the courts for Chapters 12 and 13 eligibility determinations provide useful guidance for § 1182," Subchapter V cases often involve entities "having more complex creditor relationships than a debtor in a typical Chapter 12 or 13 case." *Id.* at 551. "These more complex creditor relationships may well lead to bona fide disputes over the proper characterization of creditor claims." *Id.* The court rejected the debtor's contention that it must find a lack of good faith or candor in order to review the filed claims in the case in connection with its eligibility determination. The Court also notably observed that, because the debtor amended its schedules after its eligibility was challenged, there was a greater justification for court review of the debtor's characterization of the claims. *Id.* Because Subchapter V presents more complex creditor relationships than Chapter 13, *Scovis* is not binding on the Court in this context.

Even if the Court accepts the Debtor's not-yet-filed amendment to its schedules to remove the alleged duplicate County of Alameda claim, the Debtor still does not prevail on the Objection. WHR's liquidated, non-contingent claim is far in excess of the amount necessary to push the Debtor over the Subchapter V eligibility limit. Further, under the circumstances of this Subchapter V case, the Court should consider filed claims—including the $100,000 in unscheduled Ford and Lincoln secured claims and the actual amount of the Freemont Bank secured claim—that would push the Debtor over the Subchapter V eligibility threshold, even accounting for the removal of the duplicate County of Alameda claim. (*See* Reply, Doc. No. 85, at 5-6; Hale Decl., Doc. No. 85-1).

### IV. Conclusion

In summary, reconsideration is completely unwarranted and unsupported by law or circumstances. The Debtor is simply repeating the same argument the Court considered and rejected in the Eligibility Order—that it wanted an opportunity to amend its schedules—which is inappropriate. The Court made no clear error in relying on the Debtor's signed and filed schedules in its analysis, especially considering that all parties agreed on the same scheduled claim amounts in advance of the Hearing. The Court should deny the Reconsideration Motion.

WHEREFORE, WHR respectfully requests that the Court enter an order denying the Reconsideration Motion.

DATED: February 12, 2026        STICHTER, RIEDEL, BLAIN & POSTLER, P.A.

                                By:  /s/ *Matthew B. Hale*
                                     Matthew B. Hale, Applicant and
                                     Attorney for Creditor, WHR Holdings, LLC

DATED: February 12, 2026        HOGE, FENTON, JONES & APPEL, INC.

                                By:  /s/*Sblend A. Sblendorio*
                                     Sblend A. Sblendorio
                                     Attorney for Creditor, WHR Holdings, LLC