# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (San Francisco)
## Bankruptcy Petition #: 25–30743

*Assigned to:* Judge Hannah L. Blumenstiel
Chapter 11
Voluntary
Asset

*Date filed:* 09/15/2025
*341 meeting:* 10/20/2025
*Deadline for filing claims:* 11/24/2025

| | |
|---|---|
| *Debtor*<br>**American Trash Management, Inc.**<br>1900 Powell St.<br>Suite 220<br>Emeryville, CA 94608<br>ALAMEDA–CA<br>Tax ID / EIN: 94–3126861<br>*dba* **SmartTrash, LLC**<br>*dba* **SmartTrash Systems, LLC** | represented by **Stephen D. Finestone**<br>Finestone Hayes LLP<br>456 Montgomery St. 20th Fl.<br>San Francisco, CA 94104<br>(415) 421–2624<br>Email: sfinestone@fhlawllp.com<br><br>**Jennifer C. Hayes**<br>Finestone Hayes LLP<br>456 Montgomery St., 20th Fl<br>San Francisco, CA 94104<br>(415) 616–0466<br>Email: jhayes@fhlawllp.com<br><br>**Ryan A. Witthans**<br>Finestone Hayes LLP<br>456 Montgomery St<br>Suite 1300<br>San Francisco, CA 94104<br>415–481–5481<br>Email: rwitthans@fhlawllp.com |

*Responsible Ind*
**Scott Brown**
1900 Powell St., Suite 220
Emeryville, CA 94608
(510) 292–5401

*Trustee*
**Gina R. Klump**
Gina R. Klump, Trustee
11 5th Street, Suite 102
Petaluma, CA 94952
707–778–0111

| | |
|---|---|
| *U.S. Trustee*<br>**Office of the U.S. Trustee / SF**<br>Phillip J. Burton Federal Building<br>450 Golden Gate Ave. 5th Fl., #05–0153<br>San Francisco, CA 94102<br>(415)705–3333 | represented by **Trevor Ross Fehr**<br>Office of the U.S. Trustee<br>501 I Street, Suite 7–500<br>Sacramento, CA 95814<br>(408) 535–5525<br>Email: trevor.fehr@usdoj.gov |

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 01/22/2026 | | 90 | Order Sustaining WHR Holdings LLC's Objection To Debtor's Subchapter V Eligibility (RE: related document(s)80 Objection filed by Creditor WHR Holdings LLC). (bg) (Entered: 01/22/2026) |
| 03/05/2026 | | 108 | Order Denying Debtor's Motion for Reconsideration (Related Doc # 92) (bg) (Entered: 03/05/2026) |



**Signed and Filed: January 22, 2026**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

AMERICAN TRASH MANAGEMENT, INC.,

Debtor.

) Case No. 25-30743 HLB
)
) Chapter 11
)
)
)

## ORDER SUSTAINING WHR HOLDINGS LLC'S
## OBJECTION TO DEBTOR'S SUBCHAPTER V ELIGIBILITY

This case came before the court on January 22, 2026 for a hearing on creditor WHR Holdings LLC's ("WHR") Objection[1] to Debtor American Trash Management, Inc.'s ("ATM") eligibility for relief under Subchapter V of Chapter 11.[2]  ATM timely responded to the Objection;[3] WHR timely replied.[4]  On January 20, 2026, the

---

[1] Dkt. 61, as amended by Dkt. 80 (the "Objection") and as supported by the Declarations of Charlton George (Dkts. 62 and 80-1).

[2] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code").

[3] Dkt. 81 (the "Response"), as supported by the Declarations of Scott Brown (Dkt. 82) and Camille Cruz (Dkt. 84; the "Cruz Decl.") and ATM's Appendix of Authorities (Dkt. 83).  On January 20, 2026, ATM filed an Errata with respect to its Response (Dkt. 87).

[4] Dkt. 85 (the "Reply"), as supported by the Supplemental Declaration of Charlton George (Dkt. 85-1) and the Declaration of Matthew Hale (Dkt. 85-2).

court issued a Tentative Ruling[5] on the Objection. Appearances were as noted on the record.

Relying on ATM's apparent admission[6] that it owes WHR **$1,611,629.25** as of September 15, 2025 (the "Petition Date"), the Tentative Ruling indicated that the court was inclined to find that ATM's aggregate liquidated, noncontingent secured and unsecured debts as of the Petition Date exceeded the limit of **$3,424,000** set forth in § 101(51D). The court explained that ATM's scheduled aggregate liquidated, noncontingent secured and unsecured debts,[7] combined with ATM's debt to WHR of no less than **$1,611,629.25**, totaled **$3,432,589.27** as of the Petition Date, which exceeds § 101(51D)'s eligibility limit by **$8,589.27.**

At the January 22 hearing, ATM argued that the Cruz Calculation was nothing more than an estimation, based on uncertain and outdated records. In particular, ATM pointed to Paragraph 22 of the Cruz Decl., explaining that the information in that paragraph demonstrated that the Cruz Calculation was nothing more than ATM's "best guess" at what it might owe to WHR.

---

[5] Dkt. 88, as amended by Dkt. 89 (the "Tentative Ruling").

[6] Cruz Decl. ¶ 21 ("I then revised the analysis to calculate the amount owing by ATM to WHR as of the Chapter 11 filing date of September 15, 2025, which I calculate to be a total balance of **$1,611,629.25.**") (emphasis added); Response at 22:11 (the "Cruz Calculation").

[7] ATM's Schedule D (Dkt. 1, pp. 81-82) discloses liquidated, noncontingent secured debt totaling **$599,529.00.** ATM's Schedule E (Dkt. 1, pp. 83-86) discloses liquidated, noncontingent, priority unsecured debts totaling **$468,846.34.** ATM's Schedule F (Dkt. 1, pp. 87-137) discloses liquidated, noncontingent, nonpriority unsecured debts totaling **$752,584.68.** This amount excludes a debt of $270,833.33 allegedly owed to Mr. Scott Brown (an insider) and the unliquidated debt ATM scheduled in favor of WHR in the amount of $1,883,859.00.

ATM also represented that it intends to file amended schedules, which would reflect debts well below the debt limit imposed by § 101(51D).  ATM asked that the court accept those amended schedules (once filed) as evidence in support of its Subchapter V eligibility, subject to WHR's opportunity to renew or continue to prosecute its Objection.  At the same time, ATM argued that the court should in fact ignore all evidence submitted prior to the January 22 hearing, other than ATM's current schedules, in analyzing whether its debts exceed the limits set forth in § 101(51D).

WHR argued that the Cruz Calculation, as well as ATM's statement in the Response that "ATM calculates the total amount owing to WHR as of the petition date as $1,611,629.25",[8] cannot be read as anything other than admissions of the amount ATM believes it owes to WHR.  WHR also pointed out that the Cruz Calculation was based exclusively on ATM's own records – not those submitted by WHR.

The court agrees with WHR.  First, the court interprets the Cruz Calculation literally, given that it constitutes an affirmative representation of what ATM believes it owes to WHR as of the Petition Date, based on its own records.  The court interpreted Paragraph 22 of the Cruz Decl. as explaining why Ms. Cruz could not reconcile *WHR's* calculations, not her own.  Ms. Cruz does not say that the problems she describes in Paragraph 22 will in any way impact the Cruz Calculation.

---

[8] Response at 14:27-28.

The court also respectfully disagrees with ATM's suggestion that it disregard the parties' evidence entirely, other than ATM's schedules, which describe WHR's debt as disputed and unliquidated.  ATM chose to submit such evidence, and more to the point, chose what evidence to submit.  ATM chose to include the Cruz Calculation in support of its Response, and the court may properly rely on it.

Finally, the court respectfully rejects ATM's suggestion that it defer ruling and accept ATM's not-yet-filed amended schedules in support of eligibility.  The record with respect to the Objection closed with the filing of WHR's Reply,[9] and the court declines to make eligibility a continually moving target.

The Cruz Calculation is an admission of the amount ATM believes it owes to WHR as of the Petition Date, based on its own records.  The court will not find ambiguity where none exists.

For the reasons stated above, and for those stated in the Tentative Ruling, the court **ORDERS** as follows:

**1.**    The Objection is hereby **SUSTAINED.**

**2.**    Within 10 calendar days following entry of this order, ATM shall file an amended petition for relief that removes the Subchapter V designation.

**\*\*END OF ORDER\*\***

---

[9] B.L.R. 9013-1(e).

# Court Service List



**Signed and Filed: March 5, 2026**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

AMERICAN TRASH MANAGEMENT, INC.,

                    Debtor.

) Case No. 25-30743 HLB
)
) Chapter 11
)
)
)

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

This case came before the court on March 5, 2026 for a hearing on Debtor American Trash Management, Inc.'s Motion for Reconsideration of Order[1] Sustaining WHR Holdings LLC's Objection to Debtor's Subchapter V Eligibility.[2]  WHR Holdings LLC opposed the Motion;[3] Debtor replied.[4]  Appearances were as noted on the record.  For the reasons stated on the record, the court **ORDERS** as follows:

**1.**   The Motion is hereby **DENIED; and**

**2.**   No later than **March 12, 2026,** Debtor shall file an amended petition that removes the Subchapter V designation.

### **END OF ORDER**

---

[1] Dkt. 90.

[2] Dkt. 92 (the "Motion").

[3] Dkt. 100.

[4] Dkt. 102.

## Court Service List

[None]