Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com

Attorneys for American Trash Management, Inc.,
Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN TRASH MANAGEMENT, INC.,<br><br>Debtor-in-Possession. | Case No. 25-30743-HLB<br><br>Chapter 11, Subchapter V<br><br>**DEBTOR'S MOTION TO APPROVE MODIFICATION OF BUSINESS LEASE**<br><br>Hearing:<br>*No hearing requested. Notice of motion and opportunity for hearing served pursuant to B.L.R. 9014-1(b)(3).* |

## I.    INTRODUCTION

Debtor-in-possession, American Trash Management, Inc. ("ATM" or the "Debtor") respectfully submits this motion (the "Motion") to approve a modification (the "Modification") regarding its lease of its business premises located at 1900 Powell St., Suite 220, Emeryville, CA (the "Premises") from Prime US-Tower at Emeryville, LLC (the "Landlord"). This Motion is brought pursuant to 11 U.S.C. § 363(b) and it is supported by the concurrently filed declaration of Scott Brown.

Case: 25-30743   Doc# 133   Filed: 04/13/26   Entered: 04/13/26 13:03:03   Page 1 of 4

## II. BACKGROUND

In support of the Motion, the Debtor states as follows:

1. The Debtor entered into the initial lease with the Landlord in 2012 (the "Lease"). The Premises are an office space of approximately 3,823 square feet where Debtor employs the bulk of its in-office employees. The Lease has been amended several times, with the most recent amendment being in November 2024 (the "Amendment"). The Amendment extended the Lease through October 31, 2029.

2. Because Debtor has downsized over the past few years, it does not need the same amount of office space and prefers to reduce its rent from the current level of $16,834.66 to improve the company's financial performance.

3. Debtor has been in discussion with its Landlord about moving to a smaller space in the same building and has reached an agreement with the Landlord to do so. The new space is 1,857 square feet – a little less than 50% of the current Premises. The base rent for the first year will be $9,749.25 (as opposed to $16,843.66). The rent will increase by 3% annually. Over the remainder of the lease term, Debtor will save approximately $280,000 by moving to the new location.

4. The Debtor and the Landlord wish to enter into an agreement to modify the current lease to provide for the move to the new location at the lower monthly rate. Debtor is uncertain whether the modification will take the form of a new lease or an amendment to the current Lease, as the Landlord did not wish to incur fees to draft the agreement until Debtor obtained Court approval.

5. The Debtor and the Landlord have negotiated the Amendment in good faith. As noted above, the savings over the life of the lease term are significant.

6. This Motion seeks the Bankruptcy Court's approval of the Modification.

## III. LEGAL ARGUMENT

Pursuant to 11 U.S.C. § 363(b), a debtor-in-possession may "use, sell, or lease" property outside the ordinary course of business, subject to notice and a hearing. Transactions within a debtor's ordinary course of business do not require prior approval. 11 U.S.C. § 363(c). The

Case: 25-30743    Doc# 133    Filed: 04/13/26    Entered: 04/13/26 13:03:03    Page 2 of 4

ordinary course of business is determined by using the "horizontal dimension" and "vertical dimension" tests. *In re Dant & Russell, Inc.*, 853 F.2d 700, 704–05 (9th Cir. 1988).[1] The horizontal dimension test is "whether the postpetition transaction is of a type that other similar businesses would engage in as ordinary business." *Id.* at 704. The vertical dimension, also known as the creditor's expectation test, views the transaction from the vantage point of a hypothetical creditor and inquires "whether the transaction subjects a creditor to economic risks of a nature different from those he accepted when he decided to extend credit." *Id.* at 705.

Application of the horizontal test suggests that lease amendments, from an industry-wide perspective, are typical and ordinary transactions for retail businesses. Moreover, the Amendment does not expose creditors (hypothetical or real) to economic risks of a different nature than they accepted when they extended credit to the Debtor, arguably fulfilling the vertical dimension. Nonetheless, prudence dictates that the Debtor seeks and obtains Bankruptcy Court approval of the Amendment.

A debtor seeking to utilize 11 U.S.C. § 363(b) must demonstrate (1) that the requested use, sale, or lease has a valid business justification; and (2) that the proposed action is undertaken in good faith. *240 N. Brand Partners v. Colony GFP Partners, Ltd. P'ship (In re 240 N. Brand Partners)*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996).

The Modification is of great benefit to the estate. The lease term remains the same, but the monthly rent is significantly reduced, saving Debtor approximately $280,000 of the balance of the term. These savings will allow for improved financial performance, which will be key to Debtor's reorganization. For these reasons, the Modification is supported by a valid business justification.

The Modification is proposed in good faith. "'Good faith' encompasses fair value and further speaks to the integrity of the transaction." *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991). Here, several factors demonstrate Debtor's good faith. First, the

---

[1] A portion of this decision related to administrative expense priority for post-petition rents was superseded by 11 U.S.C. § 365(d)(3), as noted in *In re Nat'l Refractories & Minerals Corp.*, 297 B.R. 614, 618 (Bankr. N.D. Cal. 2003). The vertical and horizontal tests to determine whether a transaction is within the ordinary course of business are still widely cited.

DEBTOR'S MOTION TO APPROVE LEASE MODIFICATION 3

Modification was negotiated at arm's length between the Debtor and the Landlord. Second, the amendment is fair and reasonable. Lastly, there is no evidence of collusion or any attempt to take unfair advantage of creditors or other interested parties.

**REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004(h)**

The Debtor respectfully requests that any order granting this Motion is made effective upon entry, and that the fourteen-day stay otherwise imposed by Federal Rule of Bankruptcy Procedure 6004(h) shall not apply. The sooner the Modification goes into effect, the sooner Debtor reduces its overhead.

**IV.     CONCLUSION**

For the reasons stated above, the Debtor respectfully requests entry of an order:

1.     Granting this Motion.

2.     Approving the Modification and authorizing Debtor to negotiate and execute documents to effectuate the transaction.

3.     Providing that the order is effective upon entry, and the stay otherwise imposed by Federal Rule of Bankruptcy Procedure 6004(h) shall not apply.

Dated: April 13, 2026                                              FINESTONE HAYES LLP

*/s/ Stephen D. Finestone*
Stephen D. Finestone
Jennifer C. Hayes
Attorneys for American Trash Management,
Inc., Debtor-in-Possession

Case: 25-30743    Doc# 133    Filed: 04/13/26    Entered: 04/13/26 13:03:03    Page 4 of 4